IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Lisa Dent,

        Plaintiff,

v.                                                                                   Case No. 13-1332-JWL

Carolyn W. Colvin,
Acting Commissioner of Social Security,

        Defendant.

## MEMORANDUM & ORDER

Plaintiff Lisa Dent brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her applications for social security disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Act. According to plaintiff, the ALJ improperly rejected the opinion of plaintiff's treating physician and failed to provide sufficient reasons for doing so. Plaintiff also contends that the ALJ erred by failing to provide a narrative discussion explaining how the evidence supports the residual functional capacity assessed by the ALJ. As explained in more detail below, the court rejects plaintiff's arguments and affirms defendant's decision.

### I.    Procedural Background

In June 2009, plaintiff filed applications for disability insurance benefits and supplemental security income benefits, alleging disability beginning in February 2009 due

primarily to fibromyalgia and degenerative disc disease.  The applications were denied both initially and upon reconsideration.  At plaintiff's request, an administrative law judge ("ALJ") held a hearing on September 23, 2011, at which both plaintiff and her counsel were present.  On October 26, 2011, the ALJ rendered a decision in which she determined that plaintiff was not under a "disability" as defined by the Social Security Act from February 11, 2009 through the date of the decision.[1]  Consequently, the ALJ denied all benefits to plaintiff.  After the ALJ's unfavorable decision, plaintiff requested review by the Appeals Council.  The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of defendant.

## II.   Standard of Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards.  *See Wells v. Colvin*, 727 F.3d 1061, 1067 (10th Cir. 2013) (citing *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)).  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (quoting *Wilson*, 602 F.3d at 1140).  In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of defendant.  *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008).

---

[1] The ALJ determined that plaintiff met the insured status requirements of the Social Security Act through June 30, 2013.

## III. Relevant Framework for Analyzing Claim of Disability and the ALJ's Findings

A "disability" for purposes of the Social Security Act requires both the "inability to engage in any substantial gainful activity" and "a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Bussell v. Astrue*, 463 Fed. Appx. 779, 781 (10th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)). The Social Security Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Wilson*, 602 F.3d at 1140 (quoting *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B))).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled, *see id*. at 1139, and the ALJ in this case followed the five-step process. If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Id.* Step one requires the claimant to show that he or she is not presently engaged in substantial gainful activity. *Id*. Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity and, thus, properly proceeded to the second step. The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments" that significantly limits his or her ability to perform basic work activities. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citing 20 C.F.R. § 404.1521).

The ALJ in this case concluded that plaintiff's fibromyalgia and depression constituted severe impairments for purposes of the regulations but determined at step three that plaintiff's impairments were not listed or medically "equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity." *Best-Willie v. Colvin*, 514 Fed. Appx. 728, 733 (10th Cir. 2013). Thus, the evaluation proceeded to the fourth step, where the claimant must show that the impairment prevents her from performing past work. *Wilson*, 602 F.3d at 1139 (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)).

At the fourth step, the ALJ determined that plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in the regulations with additional postural, environmental and mental limitations. Based on evidence adduced at the hearing from a vocational expert (VE), the ALJ concluded that plaintiff, with those limitations, could not perform her past relevant work as an order clerk, salesperson or floral worker. Thus, the ALJ proceeded to the fifth and final step of the sequential evaluation process–determining whether the claimant has the residual functional capacity "to perform work in the national economy, given her age, education, and work experience." *See id*. (quoting *Lax*, 489 F.3d at 1084).

At that point, the ALJ properly shifted the burden of proof to defendant to establish that plaintiff retains a sufficient capacity to perform an alternative work activity and that there are sufficient jobs in the national economy for a hypothetical person with the claimant's impairments. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). At this step, the ALJ concluded that plaintiff was not disabled, a conclusion that rested on a finding that plaintiff could perform certain unskilled sedentary occupations available in significant numbers in the

4

national economy, including performing work as a circuit board assembler; document scanner; and credit checker.

## IV.     Analysis of Plaintiff's Specific Arguments

In her motion, plaintiff contends that the ALJ improperly rejected the opinion of plaintiff's treating physician and failed to provide sufficient reasons for doing so.  Plaintiff also contends that the ALJ erred by failing to provide, as required by Social Security Ruling 96-8p, a narrative discussion explaining how the evidence supports the residual functional capacity assessed by the ALJ.  As will be explained, the court rejects both arguments.

In April 2011, plaintiff's treating physician Dr. Christopher Ehly completed an RFC assessment form in which he opined that plaintiff, among other limitations, would need to lie down or recline once during each work day for a period of one to three hours; could stand or walk continuously for less than 15 minutes at one time and less than one hour total throughout an eight hour workday; and could sit continuously for 15 minutes at one time and less than one hour total throughout an eight hour workday.  At the hearing, the vocational expert testified that the limitations described by Dr. Ehly in his RFC assessment form would preclude all work.  According to plaintiff, the ALJ discounted this opinion without providing sufficient reasons for doing so.  The court disagrees.

The initial determination the ALJ must make with respect to a treating physician's medical opinion is whether it is to be accorded "controlling weight" on the matter to which it relates. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citing *Watkins v. Barnhart*,

350 F.3d 1297, 1300 (10th Cir. 2003)). The opinion of a treating physician "must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Id*. (citing SSR 96–2p, 1996 WL 374188, at *2; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). If the opinion is deficient in either of these respects, it is not to be given controlling weight. *Id*. But even if a treating opinion is not given controlling weight, it is still entitled to deference. *Id*. At the second step in the analysis, "the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id*. (citing Watkins, 350 F.3d at 1300–01). This second inquiry is governed by its own set of factors, summarized as follows:

> (1)the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id*. at 1331 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight [she] gave to the treating source's medical opinion and the reason for that weight." *Id*. (quotation omitted). A factor-by-factor analysis of a treating physician's opinion is not required. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

6

Here, the ALJ assigned "little weight" to the RFC assessment of Dr. Ehly on the grounds that it was "not well supported by medically acceptable clinical and laboratory diagnostic techniques" and because it was "inconsistent with other substantial evidence in the record," including Dr. Ehly's own contemporaneous treatment notes. The ALJ further noted that the RFC assessment form "seems to be based upon the claimant's subjective complaints rather than objective findings in the medical evidence of record." While plaintiff complains that the ALJ failed to explain the inconsistencies between Dr. Ehly's opinion and his treatment notes, she does not suggest that Dr. Ehly's treatment notes support the extensive limitations opined by Dr. Ehly and, in fact, the notes contain no suggestion of such extensive limitations. Moreover, the ALJ's decision contains ample specific references both to Dr. Ehly's treatment notes and plaintiff's own testimony concerning her daily activities indicating that plaintiff's limitations were not nearly as extensive as opined by Dr. Ehly. Because the ALJ's findings with respect to Dr. Ehly's RFC assessment is sufficiently specific to reflect the weight she assigned to the opinion and the reason for that weight, remand is not required.

Plaintiff's remaining argument is that the ALJ, in establishing plaintiff's RFC, simply summarized the evidence contained in the record without "connecting the dots" as required by SSR 96-8p. That ruling includes narrative discussion requirements for an RFC assessment. West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2010). The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. *Id*. The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered

7

and resolved. *Id*. It must include consideration of the credibility of plaintiff's allegations of symptoms. *Id*. at 149–50. The court does not require that the decision include an item-by-item discussion of each RFC limitation with an explanation of the evidence relied upon to support that particular limitation, but the decision must explain how the ambiguities were resolved and reveal the evidentiary basis of and rationale for the RFC assessed. *Luzier v. Astrue*, 2011 WL 2470243, at *7 (D. Kan. June 20, 2011).

The narrative discussion must include consideration of medical source opinions regarding plaintiff's capabilities. West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2010). If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why she did not adopt the opinion. *Id*. at 150. Opinions from any medical source must never be ignored, and will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. § 404.1527(d); SSR 96–5p, West's Soc. Sec. Reporting Serv., Rulings 123–24 (Supp. 2010). All evidence from nonexamining sources such as state agency consultants is considered opinion evidence. 20 C.F.R. § 404.1527(f). ALJs are not bound by the opinions of state agency consultants but must consider them; such opinions must be evaluated using the regulatory factors, and the ALJ must explain in the decision the weight given to them. *Id*. § 404.1527(f)(2)(i & ii).

In this case, the ALJ determined that plaintiff was able to perform sedentary work as defined in the pertinent regulations with certain additional nonexertional limitations. Specifically, the ALJ concluded that plaintiff is limited to lifting/carrying 10 pounds occasionally; can sit six hours total in eight and stand/walk two hours total in eight; can occasionally perform all postural positions except for never climbing a ladder, rope or scaffold;

8

can frequently reach, handle, finger and feel except for never being able to reach overhead with the left upper extremity; should avoid balancing and working at unprotected heights or around dangerous moving machinery; and can understand and remember simple instructions and complete simple work related tasks. Consistent with the requirements in SSR 96-8p, the ALJ's written decision reveals the evidentiary basis of the ALJ's rationale for the RFC assessed.

In formulating plaintiff's RFC, the ALJ began her discussion by summarizing plaintiff's testimony concerning her limitations and summarizing the medical evidence concerning plaintiff's limitations. After that summary, the ALJ provided a detailed analysis of plaintiff's fibromyalgia and its effect on plaintiff's ability to perform sustained work activities. Specifically, the ALJ concluded that plaintiff's testimony concerning her pain and fatigue was exaggerated because the limitations described by plaintiff were inconsistent with plaintiff's testimony concerning her daily activities—activities that included light gardening, house cleaning, doing laundry, attending her children's school activities without assistance, grocery shopping and walking a block.

The ALJ further noted that the medical evidence reflected that "conservative measures" were adequately treating plaintiff's fibromyalgia and depression, further suggesting that those conditions were not disabling for purposes of the Social Security Act and were not as severe as alleged by plaintiff. Specifically, the ALJ noted that plaintiff was not taking medication for depression, that treatment notes did not support that plaintiff's depression was disabling, that plaintiff's pain from fibromyalgia had improved and was relieved with water aerobics and other exercise and that plaintiff had elected not to fill her prescription for pain medication. With respect to the medical source opinions, the ALJ assigned some weight to the consulting opinions

of various state agency consultants because those opinions were consistent with the material medical evidence in the record, including treatment notes from treating physicians. As indicated earlier, the ALJ largely discounted the April 4, 2011 RFC assessment form completed by Dr. Ehly but adequately explained her reasons for doing so. Ultimately, the ALJ determined that that the evidence in the record reflected that plaintiff could perform the full range of sedentary work subject to the nonexertional limitations previously indicated. In making that determination, the ALJ did not simply summarize the evidence in the record but provided the narrative discussion contemplated by SSR 96-8p.

In sum, having carefully reviewed the record in this case and having considered plaintiff's arguments in light of the record, the court concludes that substantial evidence supports defendant's decision to deny Ms. Dent's application for disability benefits and that no deviation from established legal standards occurred.

**IT IS THEREFORE ORDERED BY THE COURT THAT** judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's final decision.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2014, at Kansas City, Kansas.


                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge